139 F.3d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Danilo A. DELACRUZ, Defendant-Appellant.
 No. 97-30184.
D.C. No. CR-96-00396-CRD.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 20, 1998.
 
 Appeal from the United States District Court for the Western District of Washington Carolyn R. Dimmick, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Danilo A. Delacruz appeals his 120-month sentence imposed following his guilty plea conviction for conspiracy to distribute d-methamphetamine hydrochloride ("ice") in violation of 21 U.S.C. § 846. Delacruz contends that the district court erred by (1) failing to make adequate factual findings regarding his ineligibility for the "safety valve" sentence reduction, and (2) concluding that he did not qualify for the reduction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's interpretation of the Sentencing Guidelines de novo and its factual determination that a particular defendant is eligible for a "safety valve" reduction under U.S.S.G. § 5C1.2 for clear error. See United States v. Real-Hernandez, 90 F.3d 356, 360 (9th Cir.1996).
 
 
 4
 Delacruz first contends that the district court failed to make adequate factual findings regarding why it denied a "safety valve" reduction in his sentence under U.S.S.G. § 5C1.2. This contention lacks merit because the district court specifically found Delacruz did not cooperate by refusing to provide information about the suppliers from whom he purchased ice and, therefore, he was ineligible for the section 5C1.2 reduction. See id.
 
 
 5
 Delacruz next contends that the district court clearly erred by concluding that he did not qualify for the "safety valve" reduction. This contention lacks merit.
 
 
 6
 To qualify for the "safety valve" reduction under U.S.S.G. § 5C1.2(5), a defendant is required to prove by a preponderance of the evidence that, before sentencing, he truthfully offered all information at his disposal relevant to the offense charged. See United States v. Ajugwo, 82 F.3d 925, 929 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 742, 136 L.Ed.2d 680 (1997); U.S.S.G. § 5C1.2(5) (1995).
 
 
 7
 Here, Delacruz provided only the first names of his ice suppliers even though he purchased from them over an eight-month period. Further, Delacruz claimed that he could not recall the suppliers' pager numbers even though he had used the numbers to make contact with them. On these facts, the district court did not clearly err by concluding that Delacruz was not being completely truthful with the government and, thus, did not qualify for the "safety valve" reduction. See Real-Hernandez, 90 F.3d at 360; Ajugwo, 82 F.3d at 929.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3